Complied by law

# IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE OF)
JOSE GARRIDO MESA,            )     PROBATE CASE NO. PR0093-08
                       )
                       )
           Deceased,  )
                       )     **DECISION AND ORDER**
                       )
                       )
BY VICTORIANA BLAS MESA,  )
                       )
                       )
           Petitioner.  )
_____)

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 7th day of January, 2009, for hearing on a Petition to Appoint a Co-Administrator in this case. Attorney Mark S. Smith represented the original Petitioner, Victoriana Blas Mesa, and Attorney John S. Unpingco represented the sister of the decedent, Anna M. Pangelinan, who is petitioning to be appointed as a co-administrator of the estate. The Court now issues the following Decision and Order on the matter.

## PROCEDURAL HISTORY

On May 9, 2008, Victoriana Blas Mesa, the wife of the decedent, petitioned this Court for Letters of Administration for the estate of her deceased husband as a surviving spouse. A Notice of Hearing on the Petition for Letters of Administration was issued by the Court on July 29, 2008, scheduling the hearing for October 3, 2008. Publication and posting was accomplished in accordance with 15 GCA § 3401, which no party now disputes. In addition, on September 3, 2008, the Petitioner caused this notice to be mailed to the decedent's surviving children at their current addresses by certified mail. Affidavit of Mailing of Jennifer Bautista, filed September 11, 2008.

Thereafter, at the first hearing on the Petition for Letters of Administration on October 3, 2008, Attorney Unpingco appeared on behalf of the surviving children claiming that the heirs

were not properly served. The Petitioner presented evidence of proper publication and posting pursuant to 15 GCA § 3401, and additional mailing to the children of the decedent. In order to allow the children of the decedent an opportunity to address any concerns, the Court continued the hearing on the Petition for Letters of Administration to October 31, 2008, and ordered that any objections to the Petitioner's request for letters of administration be filed by October 17, 2008. No written objections were filed by this date. Instead, on the day of the hearing, October 31, 2008, Attorney Unpingco appeared on behalf of Anna M. Pangelinan, sister of the decedent, and filed a Petition for Letters of Administration on her behalf supported by declarations of the decedent's children. At that hearing, the Court appointed Victoriana Blas Mesa as the administratrix of the decedent's estate.

## DISCUSSION

15 GCA § 1803 provides that "[t]he surviving partner of a decedent must not be appointed administrator of the estate if any person interested in the estate objects to such surviving partner's appointment." 15 GCA § 1803 (2007).

### A) Anna M. Pangelinan Lacks Standing to File an Objection

The Court first notes that the only written filing presented in opposition to the Petition of Victoriana Blas Mesa in this case is a "Petition for Letters of Administration" filed by Anna M. Pangelinan. The Petition is signed solely by Anna M. Pangelinan, and is merely supported by affidavits of the decedent's children. The decedent's children did not sign the petition, and have not filed anything in the case other than declarations in support of the petition of Anna M. Pangelinan. The petition filed by Anna M. Pangelinan does not constitute an objection to the appointment of Victoriana Blas Mesa as administratrix of the estate by an interested party under

15 GCA §1803. It is not labeled as an objection, nor are any of the filings attached to it labeled as objections.

However, even if the Court considered the petition to constitute an objection, Anna M. Pangelinan is not the proper party to make the objection under 15 GCA §1803. Although the petition purports to raise objections to the appointment of Victoriana Blas Mesa as administrator of the estate on the children's behalf, the children did not file the petition, and the Court finds that Anna M. Pangelinan, herself, does not have standing to raise these objections on two grounds: (1) Anna M. Pangelinan is not an interested party under 15 GCA §1803, who may raise objections to the surviving spouse's appointment as administrator; and (2) Anna M. Pangelinan does not have third-party standing to raise objections to the surviving spouse's appointment as administrator, on behalf of the decedent's children.

Standing, a doctrine of justiciability, and a necessary component of subject matter jurisdiction, is a threshold matter that may be considered by the court at any time during its consideration of a case, and may be raised by the court *sua sponte*. All courts have an independent obligation to assure themselves that subject matter jurisdiction exists in every case, at all points in the litigation, even in the absence of a challenge from one of the parties to the case. Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 340 (2006); Freytag v. C.I.R., 501 U.S. 868, 896 (1991)(Scalia, J., concurring).

It is fundamental that a party bringing an action in a court must have standing to sue. Taitano v. Lujan, 2005 Guam 26, ¶15. Standing is a component of subject matter jurisdiction. Id

at ¶15 (citing <u>Guam Imaging Consultants, Inc. v. Guam Memorial Hospital Auth.</u>, 2004 Guam 15, ¶17 ("Standing is a threshold jurisdictional matter.")). As further held in <u>Taitano v. Lujan</u>, "[i]f a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." <u>Id.</u> A party invoking a court's jurisdiction must, at an irreducible minimum, show that "he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

Standing is personal and does not exist where one seeks to assert the rights of another. <u>Tileston v. Ullman</u>, 318 U.S. 44, 46 ,63 S.Ct. 493, 87 L.Ed. 603(1943). A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Duke Power Co. v. Carolina Environmental Study Group, Inc.</u>, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634, 57 L.Ed.2d 595 (1978). In general, to have standing to litigate, a party must show that he has incurred, or is in immediate danger of incurring, some direct and personal injury resulting from the violation of a constitutional or statutory right designed to protect that party. <u>Moose Lodge No. 107 v. Irvis</u>, 407 U.S. 163, 166–67, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); <u>Steel Company v. Citizens for a Better Environment</u>, 523 U.S. 83,105, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

To satisfy Article III standing requirements, a party must demonstrate an "injury in fact" and must show that it is "likely" that a favorable decision will provide redress for the injury.

_Lujan v. Defenders of Wildlife_, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351(1992). An "injury in fact" is an imminent or actual personal injury caused by the conduct being challenged, which was the result of a violation of a constitutional or statutory right. _Id._ A "conjectural or hypothetical" injury will not satisfy the constitutional requirements to establish standing. _Id._ In this context, an "imminent" injury differs from a "conjectural or hypothetical" injury in that an imminent harm is one that is "certainly impending," and will result as a consequence of the application of the unconstitutional act. _Whitmore v. Arkansas_, 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).

In this case, the Petitioner, Anna M. Pangelinan, is alleging that she should be appointed as co-administrator because:

> The biological children and heirs, Jose Garrido Mesa, Jr., Eyshabel L.M. Taitano, and Jason J. Mesa (hereinafter "children"), of my brother, the deceased, do not believe or trust that their step-mother Victoriana Blas Mesa, who has filed a Petition for Letters of Administration, will be impartial and fair as to the distribution of the decedent's estate and their interests in said estate.

_Petition for Letters of Administration of Anna M. Pangelinan_, p.1, ¶1, filed October 31, 2008.

All of the purported violations of rights alleged by the Petitioner are based upon injuries which will hypothetically be suffered by third parties, the children of the deceased, not the Petitioner. Anna M. Pangelinan has yet to suffer any injury to herself, and under the statute, will not suffer any injury if she is not appointed as a co-administratrix. Plaintiff makes no claim of personal financial injury, and in fact, has admitted in her petition that she is not an heir to the estate of her deceased brother, and does not stand to inherit any financial interest in his estate. _Petition for Letters of Administration of Anna M. Pangelinan_, p.1, ¶1; and p.2, ¶4, filed October

31, 2008. If, as Petitioner asserts, Victoriana Blas Mesa mishandles or misappropriates the estate, Anna M. Pangelinan will suffer no harm, as she is not entitled to any portion of the estate. Accordingly, as Anna M. Pangelinan's claims are solely based upon possible injuries to others, Petitioner has no standing to bring an objection to the appointment of Victoriana Blas Mesa as the administratrix of her brother's estate, as she has no interest in his estate, and accordingly, is not an interested party who may object under 15 GCA §1803.

Assuming that Petitioner is attempting to assert her position in the stead of the decedent's children who have submitted affidavits requesting that she be appointed co-administrator, Anna M. Pangelinan must still establish standing as a third party. In order to establish *jus tertii* (third party) standing for equal protection and due process claims, a putative Petitioner must demonstrate that (1) s/he suffers an injury-in-fact, (2) s/he has a 'close' relationship with the parties on whose behalf it seeks to sue, and (3) there is a hindrance or hindrances that prevent the third party from suing directly. Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989); and Kowalski v. Tesmer, 543 U.S. 125, 129–130, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004).

The Court addresses each part of the test in turn. As discussed earlier, the Petitioner has failed to show any personal injury-in-fact, thus failing the requisite minimum showing. However, assuming for the purpose of the test that Petitioner could somehow impute the putative injuries of the decedent's children as her own, Petitioner still fails to establish "closeness" and the inability of the third party to bring suit as required under the test. The Supreme Court has limited the "closeness" standard to allow third party standing only where "enforcement of the challenged

restriction *against the litigant* would result indirectly in the violation of third parties' rights." Kowalski v. Tesmer, 543 U.S. 125, 131, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004)(citing Warth v. Seldin, 422 U.S. 490, 510, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

No legal "close relationship" can be found to exist between the Petitioner and decedent's children. No relationship in parity is alleged to exist as to the Petitioner and the decedent's children. There is no argument to be made that enforcement of the Court's order appointing Victoriana Blas Mesa against this Petitioner will indirectly violate the rights of the decedent's children as required under the third party standing limitations delineated by the United States Supreme Court.

More importantly, Petitioner presents no evidence that the decedent's children were hindered in seeking to assert their own claims and objections, as required by the third prong of the test. All of the decedent's children are adults. Appearance, Waiver and Nomination and Consent to Appointment of Administrator of Eyshabela L.M.Taitano; Jason J. Mesa; and Jose Garrido Mesa, Jr., filed October 31, 2008. More importantly, at hearing on October 3, 2008, Attorney John S. Unpingco appeared before the Court and specifically represented to the Court that he was serving in the capacity of counsel for the children of the decedent. Later, he filed an entry of appearance as counsel for the decedent's children. Entry of Appearance and Request for Notice Pursuant to 15 GCA §3403, filed October 28, 2008. The Court took this information into consideration on October 3, 2008, delayed the appointment of Victoriana Blas Mesa as administratrix of the estate, and the decedent's children were afforded the opportunity to address any issues or concerns they had with the appointment of Victoriana Blas Mesa and file any

objections with the Court by October 17, 2008. However, the decedent's children did not do so. The decedent's children were represented by counsel prior to the appointment of Victoriana Blas Mesa as administratrix, with notice of the proceedings. Nothing prevented or hindered the ability of the decedent's children to assert their own claims or objections.

The purpose of the strict requirements of third party standing is to limit the endless possibilities of litigation. Kowalski v. Tesmer, 543 U.S. 125, 134, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004). Accordingly, the Petitioner, Anna M. Pangelinan cannot now seek to attack the appointment of Victoriana Blas Mesa through her own petition to become co-administratrix, as she is not the proper person to present these claims or objections.

**B) The Petition is Both Untimely and Improperly Filed.**

More important to this Court's analysis is the impropriety and untimeliness of the filing presented by Anna M. Pangelinan. Even if Anna M. Pangelinan had standing to assert an objection under 15 GCA § 1803, and the Court considered the Petition as a proper objection raised by an interested party, allowing the nomination of Anna M. Pangelinan as administratrix in priority over Victoriana Blas Mesa pursuant to 15 GCA §§ 1803 and 1807, Rule 6(b) of the Guam Rules of Civil Procedure prohibits its filing as untimely, providing in relevant part:

> **Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Rule 6(b) grants a court wide discretion to allow additional time when a request is made prior to the expiration of the time period set by the court or prescribed by the Rules of Civil Procedure. GRCP Rule 6(b)(1). However, when the request is made after the expiration of the time period set by the court or prescribed by the Rules of Civil Procedure, Rule 6(b) requires that a party must show "excusable neglect" in failing to timely file the request. G.R.C.P. Rule 6(b)(2). Additionally, a court may exercise its discretion under Rule 6(b) only for "cause shown," thus requiring that a party requesting an enlargement of time must also demonstrate justification for the issuance of an extension. Id.

Thus, even if the Court considers Anna M. Pangelinan's Petition for Letters of Administration as a valid objection to Victoriana Blas Mesa's appointment as administrator in this case, the objection was not filed before the cut-off date set by the Court, nor was any request for an extension ever filed. The Court ordered that any objection to Victoriana Blas Mesa's petition be filed by October 17, 2008. Anna M. Pangelinan's Petition for Letters of Administration was not filed until October 31, 2008. Anna M. Pangelinan has provided no explanation for the lateness of the filing, and proffers no showing of good cause or excusable neglect in failing to file the "objection" or petition on or before October 17, 2008, as ordered by the Court. Therefore, it was untimely.

Further, Anna M. Pangelinan never requested an extension of time to file an objection, either before or after the time period proscribed by the Court had run. Although the Court has discretion to grant extensions, no request was ever made to extend the time to file such an objection. Because Anna M. Pangelinan failed to request an extension, there was also a failure

to provide any cause or excusable neglect in filing the untimely objection.

Consequently, Anna M. Pangelinan's proffered objection contained within her Petition for Letters of Administration was untimely and unjustified under Rule 6(b) of the Guam Rules of Civil Procedure, and must be denied.

Additionally, the Court cannot grant the Petition of Anna M. Pangelinan, as there is no evidence that it was noticed as required under 15 GCA §§1813 and 3401. The Petitioner provided no evidence of posting of the petition at least fifteen (15) days prior to the hearing on October 31, 2008, no evidence of publication in a newspaper for three (3) consecutive days at least ten (10) days before the hearing on October 31, 2008, or personal service to Victoriana Blas Mesa as an heir of the decedent. 15 GCA §§3401(2) and (3)(b)(1)(C). Although the children of a decedent may nominate a person to be administrator if they themselves are ineligible pursuant to 15 GCA §1807, the probate code must be strictly followed, and a mere nomination does not relieve the nominated petitioner from the required rules of service and publication.

Finally, the Court's final order granting letters of administration to Victoriana Blas Mesa is conclusive, and may not be attacked after it was granted by the Court. 15 GCA §1405 states;

> In the absence of fraud in its procurement, an order of the Superior Court of Guam granting . . . letters of administration, when such order becomes final, is a conclusive determination of the jurisdiction of the Superior Court of Guam (except when based upon the erroneous assumption of death), and cannot be collaterally attacked.

15 GCA §1405 (2007).

No fraud has been alleged, and accordingly, the sister of the decedent may not use a

petition to appoint a co-administrator to collaterally attack Victoriana Blas Mesa's status as the sole administratrix of this estate.

## CONCLUSION

After hearing arguments on the motion and considering all of the filings and evidence presented, the Court finds that Anna M. Pangelinan and the children of the decedent have failed to present any basis upon which to base the motion to appoint a co-administrator for this estate. Based upon the foregoing, the Motion to Appoint a Co-Administrator is DENIED.

**SO ORDERED**, this ___JUL 01 2009___.

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 01 2009

Florene Rivera
Deputy Clerk, Superior Court of Guam

